UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS CURRY, CDCR #P-74528,<br><br>　　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>GAVIN NEWSOM, Governor; KATHLEEN ALLISON, CDCR Secretary; J. HILL, Warden,<br><br>　　　　　　　　　　　Defendants. | Case No.: 23-cv-1148-RBM-MSB<br><br>**ORDER:**<br><br>**(1) GRANTING LEAVE TO PROCEED *IN FORMA PAUPERIS*; AND**<br><br>**(2) DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2)(B) AND 28 U.S.C. § 1915A(b)**<br><br>(Doc. 2) |

On June 15, 2023, Plaintiff Marcus Curry ("Plaintiff"), while incarcerated at Richard J. Donovan Correctional Facility ("RJD") in San Diego, California, and proceeding pro se, filed a civil rights complaint filed pursuant to 42 U.S.C. § 1983. (*See* Doc. 1 at 1.)

Plaintiff did not prepay the civil filing fee required by 28 U.S.C. § 1914(a); instead, he filed a Motion for Leave to Proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). (*See* Doc. 2.)

/ / /

1

# I. LEAVE TO PROCEED *IN FORMA PAUPERIS*

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $402.[1] *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes,* 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). The fee is not waived for prisoners, however. If granted leave to proceed IFP, they nevertheless remain obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, 577 U.S. 82, 84 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), regardless of whether their actions are dismissed for other reasons. *See* 28 U.S.C. § 1915(b)(1), (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

To qualify, section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. §§ 1915(b)(1); 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See id.* § 1915(b)(2); *Bruce*, 577 U.S. at 84.

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $52. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2020)). The additional $52 administrative fee does not apply to persons granted leave to proceed *IFP*. *Id.*

Plaintiff's Prison Certificate and a certified copy of his CDCR Inmate Statement Reports has been submitted by RJD accounting officials. (*See* Doc. 3 at 1–4); 28 U.S.C. § 1915(a)(2); S.D. Cal. CivLR 3.2; *Andrews*, 398 F.3d at 1119. These documents shows Plaintiff carried an average monthly balance of $103.62 and an average monthly deposit of $126.91 to his account over the 6-month period immediately preceding the filing of his Complaint. *See* Doc. 3 at 1.

Based on this accounting, the Court **GRANTS** Plaintiff leave to proceed IFP (Doc. 2) and assesses an initial partial filing fee of $25.38 pursuant to 28 U.S.C. § 1915(b)(1). However, this initial fee need be collected only if sufficient funds are available in Plaintiff's account at the time this Order is executed. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee"); *Bruce*, 577 U.S. at 86; *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered"). The remaining balance of the $350 total fee owed in this case must be collected by the Secretary of the California Department of Corrections and Rehabilitation ("CDCR"), or any subsequent agency having custody of Plaintiff, and forwarded to the Clerk of the Court pursuant to the installment payment provisions set out in 28 U.S.C. § 1915(b)(2).

## II. SCREENING PER 28 U.S.C. §§ 1915(e)(2)(B) AND 1915A(b)

### A. Legal Standard

#### a. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)

Because Plaintiff is a prisoner, his Complaint requires a pre-answer screening pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). Under these statutes, the Court must *sua sponte* dismiss a prisoner's IFP complaint, or any portion of it that is frivolous, malicious, failing to state a claim, or seeking damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C.

§ 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (citation omitted).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Federal Rules of Civil Procedure 8(a) and 12(b)(6) require a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. The court "ha[s] an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)). However, it may not "supply essential elements of claims that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

    b.  42 U.S.C. § 1983

"Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393–94 (1989) (internal quotation marks and citation

omitted). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

### B. Plaintiff's Allegations

Plaintiff's factual allegations are sparse, but he alleges that Defendants Gavin Newsom, Kathleen Allision, and J. Hill ("Defendants"), the Governor of California, Secretary of the CDCR, and the RJD Warden, "mishandled medical and mental health records." (Doc. 1 at 3.) Plaintiff has attached a letter as an exhibit that notified him of a "data breach" with the CDCR "computer system." (*Id.* at 6.) It was determined that an "unauthorized user" accessed mental health records and "may have looked at [Plaintiff's] information while in the system." (*Id.*) Plaintiff also appears to allege that CDCR staff accessed his information and "used this opportunity to embezzle my funds." *Id.* at 9.

Plaintiff seeks compensatory damages for "all embezzled funds" and punitive damages "double the amount embezzled." (*Id.* at 5.)

#### a. Personal Liability

As a preliminary matter, the Court finds Plaintiff's Complaint fails to state any plausible claim for relief Defendants. Defendants are named in their supervisory roles and are alleged to have "fail[ed] to protect my medical & mental health record which violates HIPPA."[2] (*See* Doc. 1 at 2.)

Because "vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676; *Palmer v. Sanderson*, 9 F.3d 1433, 1437-38 (9th Cir. 1993) (noting there is no respondeat superior liability under 42 U.S.C. § 1983). Supervisory officials may only be held liable under § 1983 if the plaintiff alleges

---

[2] HIPPA is an acronym for the Health Insurance Portability and Accountability Act. *See* https://www.cdc.gov/phlp/publications/topic/hipaa.html (Last visited July 6, 2023.)

1  their "personal involvement in the constitutional deprivation, or . . . a sufficient causal
2  connection between the supervisor's wrongful conduct and the constitutional violation."
3  *Keates v. Koile*, 883 F.3d 1228, 1242–43 (9th Cir. 2018); *Starr v. Baca,* 652 F.3d 1202,
4  1207 (9th Cir. 2011).  In other words, "a supervisor is liable for the acts of his subordinates
5  'if the supervisor participated in or directed the violations, or knew of the violations of
6  subordinates and failed to act to prevent them.'"  *Corales v. Bennett*, 567 F.3d 554, 570
7  (9th Cir. 2009) (citations omitted).

8      Plaintiff's Complaint "pleads no factual content that allows the court to draw the
9  reasonable inference that [Defendants] [are] liable for the misconduct alleged." *Iqbal*, 556
10 U.S. at 678.  Plaintiff includes no specific factual allegations with respect to any of the
11 named Defendants, and he does not describe what any of them either did, or failed to do,
12 with respect to his housing, health, safety, or medical treatment.  *Id.* at 679 ("[d]etermining
13 whether a complaint states a plausible claim for relief [is] … a context-specific task").
14 Further, "HIPPA itself provides no private right of action."  *Seaton v. Mayberg*, 610 F.3d
15 530, 533 (9th Cir. 2010) (quoting *Webb v. Smart Document Solutions, LLC*, 499 F.3d 1078,
16 1081 (9th Cir. 2007)).

17     While Federal Rule of Civil Procedure 8 "does not require 'detailed factual
18 allegations,'" it "demands more than an unadorned, the-defendant-unlawfully-harmed-me
19 accusation." *Iqbal*, 556 U.S. at 678 (citation omitted).  In order "[t]o survive a motion to
20 dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a
21 claim for relief that is plausible on its face.'"  *Id.* (citations omitted).  As currently pleaded,
22 however, nothing in Plaintiff's Complaint plausibly suggests Defendants "through [their]
23 own individual actions, . . . violated the Constitution."  *Iqbal*, 556 at 676; *see also Jones v.*
24 *Community Redevelopment Agency of City of Los Angeles*, 733 F.2d 646, 649 (9th Cir.
25 1984) (even pro se plaintiff must "allege with at least some degree of particularity overt
26 acts which defendants engaged in" in order to state a claim).

27     Therefore, Plaintiff's claims against all named Defendants must be dismissed *sua*
28 *sponte* for failing to state a claim upon which § 1983 relief can be granted pursuant to 28

U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1).  *See Watison* 668 F.3d at 1112; *Wilhelm*, 680 F.3d at 1121.

### b. *Eleventh Amendment Immunity*

To the extent Plaintiff sues these Defendants in their official capacities, his suit is further barred by the Eleventh Amendment.  "The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities." *Aholelei v. Dep't of Public Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007).  Indeed, the Eleventh Amendment prohibits federal courts from hearing a Section 1983 lawsuit in which damages or injunctive relief is sought against a state, its agencies or state officials, absent "a waiver by the state or a valid congressional override." *Dittman v. California*, 191 F.3d 1020, 1025 (9th Cir. 1999).  "The Eleventh Amendment bars suits which seek either damages or injunctive relief against a state, 'an arm of the state,' its instrumentalities, or its agencies." *See Fireman's Fund Ins. Co. v. City of Lodi*, Cal., 302 F.3d 928, 957 n.28 (9th Cir. 2002) (internal quotation and citations omitted).  "The State of California has not waived its Eleventh Amendment immunity with respect to claims brought under § 1983 in federal court." *Dittman*, 191 F.3d at 1025–26 (citing *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 241 (1985)).

Thus, because Defendants are alleged to be state officials acting in their official capacities on behalf of the State of California, they are immune from suit for money damages under the Eleventh Amendment.

### c. *Personal Property*

While Plaintiff does not name the individual CDCR employees whom he claims "embezzled" his funds as Defendants, nevertheless he has not stated a claim against them.  To the extent that Plaintiff seeks to hold these CDCR employees liable for the loss of his personal property in violation of his Fourteenth Amendment rights, he fails to state a claim upon which relief may be granted.

Ordinarily, due process of law requires notice and an opportunity for some kind of hearing prior to the deprivation of a significant property interest. *Sinaloa Lake Owners*

*Ass'n v. City of Simi Valley*, 882 F.2d 1398, 1405 (9th Cir. 1989). Neither the negligent nor intentional deprivation of property states a due process claim under section 1983 if the deprivation was random and unauthorized, however. *Parratt v. Taylor*, 451 U.S. 527, 535–44 (1981) (state employee negligently lost prisoner's hobby kit), *overruled in part on other grounds, Daniels v. Williams*, 474 U.S. 327, 330-31 (1986); *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (intentional destruction of inmate's property). The availability of an adequate state post-deprivation remedy, *e.g.*, a state tort action, precludes relief because it provides sufficient procedural due process. *See Zinermon v. Burch*, 494 U.S. 113, 128 (1990) (where state cannot foresee, and therefore provide meaningful hearing prior to the deprivation, a statutory provision for post-deprivation hearing or a state common law tort remedy for erroneous deprivation satisfies due process); *King v. Massarweh*, 782 F.2d 825, 826 (9th Cir. 1986) (same). The Ninth Circuit has long recognized that California law provides such an adequate post-deprivation remedy. *Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing CAL. GOV'T CODE §§ 810–895).

Thus, because Plaintiff claims CDCR employees deprived him of personal property, any remedy he may have lies in state court and his federal claims must be dismissed for failing to state a claim upon which § 1983 relief may be granted.

### C. Leave to Amend

For the reasons discussed, the Court finds Plaintiff's Complaint fails to state any § 1983 claim upon which relief can be granted and dismisses it *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1). *See Watison*, 668 F.3d at 1112; *Wilhelm*, 680 F.3d at 1121. However, the Court will also grant Plaintiff leave to amend. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("[a] district court should not dismiss a pro se complaint without leave to amend [pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)] unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment'") (quoting *Akhtar v. Mesa,* 698 F.3d 1202, 1212 (9th Cir. 2012)).

/ / /

/ / /

### III.  CONCLUSION

For the foregoing reasons, the Court:

(1) **GRANTS** Plaintiff leave to proceed *In Forma Pauperis* pursuant to 28 U.S.C. § 1915(a) (Doc. No. 2);

(2) **ORDERS** the Secretary of the CDCR, or her designee, to collect from Plaintiff's trust account the $25.38 initial filing fee assessed, *if those funds are available at the time this Order is executed*, and to forward whatever balance remains of the full $350 owed in monthly payments in an amount equal to twenty percent (20%) of the preceding month's income to the Clerk of the Court each time the amount in Plaintiff's account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). *ALL PAYMENTS MUST BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION*;

(3) **DIRECTS** the Clerk of the Court to serve a copy of this Order on Jeff Macomber, Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-0001, by U.S. Mail, or by forwarding an electronic copy to trusthelpdesk@cdcr.ca.gov;

(4) **DISMISSES** Plaintiff's Complaint *sua sponte* and in its entirety based on his failure to state a claim upon which relief may be granted and pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1); and

(5) **GRANTS** Plaintiff forty-five (45) days' leave from the date on which this Order is filed to file an Amended Complaint which cures all the deficiencies of pleading noted.  Plaintiff's Amended Complaint must be clearly entitled "Amended Complaint," include Civil Case No. 23cv1148 RBM MSB in its caption, and  must be complete by itself without reference to his original Complaint.  Defendants not named and any claims not re-alleged in the amended complaint will be considered waived.  *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("an amended pleading supersedes the original"); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled").

///

If Plaintiff fails to file an Amended Complaint within <u>45 days</u>, the Court will enter a final Order dismissing this civil action based both on his failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b) and his failure to prosecute in compliance with a court order requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("[i]f a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action").

**IT IS SO ORDERED**.

DATE: July 6, 2023

_____
HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE