1

2

3

4

5

6

7

8 | UNITED STATES DISTRICT COURT

9 | SOUTHERN DISTRICT OF CALIFORNIA

10

|  |  |
|---|---|
| 11  MARCUS CURRY,<br>      CDCR #P-74528, | Case No.:  3:23-cv-01148-RBM-MSB |
| 12<br>                            Plaintiff, | **ORDER:** |
| 13 | |
| 14  vs. | **(1) DENYING MOTION TO APPOINT<br>COUNSEL; AND** |
| 15  GAVIN NEWSOM, Governor;<br>     KATHLEEN ALLISON, CDCR | |
| 16  Secretary; J. HILL, Warden, | **(2) DISMISSING FIRST AMENDED<br>COMPLAINT FOR FAILING TO** |
| 17                            Defendants. | **STATE A CLAIM PURSUANT TO 28<br>U.S.C. § 1915(e)(2)(B) AND** |
| 18 | **28 U.S.C. § 1915A(b)** |
| 19 | |
| 20 | **[Docs. 6, 7]** |
| 21 | |

22 | **I.    PROCEDURAL HISTORY**

23    On June 15, 2023, Plaintiff Marcus Curry ("Plaintiff"), while incarcerated at Richard J.

24 Donovan Correctional Facility ("RJD") in San Diego, California, and proceeding pro se,

25 filed a civil rights complaint filed pursuant to 42 U.S.C. § 1983.  (*See* Doc. 1 at 1.)

26    Plaintiff did not prepay the civil filing fee required by 28 U.S.C. § 1914(a); instead,

27 he filed a Motion for Leave to Proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C.

28 § 1915(a).  (*See* Doc. 2.)

1

1    On July 6, 2023, the Court granted Plaintiff's Motion to Proceed IFP but
2    simultaneously dismissed his Complaint for failing to state a claim pursuant to 28 U.S.C.
3    § 1915(e)(2)(B) and § 1915A(b).  (*See* Doc. 5.)  Plaintiff was granted leave to file an
4    amended complaint in order to correct the deficiencies of pleading identified in the Court's
5    Order.  (*See id.* at 9.)  On August 28, 2023, Plaintiff filed his First Amended Complaint
6    ("FAC"), along with a Motion to Appoint Counsel.  (*See* Docs. 6, 7.)

7                    **II.    MOTION TO APPOINT COUNSEL**

8    Plaintiff requests counsel be appointed because he is indigent and has limited access
9    to the law library.  (Doc. 6 at 1.)  However, there is no constitutional right to counsel in a
10   civil case, and the decision to appoint counsel is within "the sound discretion of the trial
11   court and is granted only in exceptional circumstances."  *Agyeman v. Corr. Corp. of*
12   *America*, 390 F.3d 1101, 1103 (9th Cir. 2004).  Exceptional circumstances exist where
13   there is cumulative showing of both a likelihood of success on the merits and an inability
14   of a *pro se* litigant to articulate their claims in light of the complexity of the legal issues.
15   *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).

16   It appears Plaintiff is capable of articulating the facts and circumstances relevant to
17   his claims, which are not legally complex, and for the reasons discussed below he has been
18   unable to show that he is likely to succeed on the merits of any claim.  Therefore, Plaintiff's
19   Motion to Appoint Counsel is **DENIED**.

20        **III.    SCREENING PER 28 U.S.C. §§ 1915(e)(2)(B) AND 1915A(b)**

21        A.    Legal Standards

22            a.    *28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)*

23   As the Court previously informed Plaintiff, because he is a prisoner, his FAC
24   requires a pre-answer screening pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).
25   Under these statutes, the Court must *sua sponte* dismiss a prisoner's IFP complaint, or any
26   portion of it that is frivolous, malicious, failing to state a claim, or seeking damages from
27   defendants who are immune.  *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000)
28   (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004

1 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)).  "The purpose of [screening] is 'to

2 ensure that the targets of frivolous or malicious suits need not bear the expense of

3 responding.'"  *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (citation omitted).

4    "The standard for determining whether a plaintiff has failed to state a claim upon

5 which relief can be granted under § 1915[e)(2)(B)(ii) is the same as the Federal Rule of

6 Civil Procedure 12(b)(6) standard for failure to state a claim."  *Watison v. Carter*, 668 F.3d

7 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir.

8 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard

9 applied in the context of failure to state a claim under Federal Rule of Civil Procedure

10 12(b)(6)").  Federal Rules of Civil Procedure 8(a) and 12(b)(6) require a complaint to

11 "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible

12 on its face."  *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal quotation marks

13 omitted); *Wilhelm*, 680 F.3d at 1121.

14    Detailed factual allegations are not required, but "[t]hreadbare recitals of the

15 elements of a cause of action, supported by mere conclusory statements, do not suffice."

16 *Iqbal*, 556 U.S. at 678.  The court "ha[s] an obligation where the petitioner is pro se,

17 particularly in civil rights cases, to construe the pleadings liberally and to afford the

18 petitioner the benefit of any doubt."  *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir.

19 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)).  However, it may

20 not "supply essential elements of claims that were not initially pled."  *Ivey v. Bd. of Regents*

21 *of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

22        b.    *42 U.S.C. § 1983*

23    "Section 1983 creates a private right of action against individuals who, acting under

24 color of state law, violate federal constitutional or statutory rights."  *Devereaux v. Abbey*,

25 263 F.3d 1070, 1074 (9th Cir. 2001).  Section 1983 "is not itself a source of substantive

26 rights, but merely provides a method for vindicating federal rights elsewhere conferred."

27 *Graham v. Connor*, 490 U.S. 386, 393–94 (1989) (internal quotation marks and citation

28 omitted).  "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a

3

1   right secured by the Constitution and laws of the United States, and (2) that the deprivation

2   was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*,

3   698 F.3d 1128, 1138 (9th Cir. 2012).

4          As an initial matter, the Court finds Plaintiff's entire action is subject to dismissal

5   because he has failed to clearly identify a deprivation of a right secured by the Constitution

6   or laws of the United States.  However, the Court will set forth below additional reasons

7   for why Plaintiff's action must be dismissed.

8                          **i.      Plaintiff's Allegations**

9          While the Court found that the factual allegations in his original Complaint were

10  sparse, there are even less specific factual allegations contained in Plaintiff's FAC.  (*See*

11  Doc. 7.)  However, based on the allegations in his original Complaint and his apparent

12  claims in his FAC, Plaintiff is seeking to hold all Defendants liable for a data breach within

13  the California Department of Corrections and Rehabilitation ("CDCR") that may have led

14  to Plaintiff's social security number and health care records being compromised.  *See*

15  *generally*, FAC.[1]

16         Plaintiff seeks $35,000 in compensatory damages and $25,000 in punitive damages

17  against each Defendant.  (*See* Doc. 7 at 4, 7, 10, 13, 19.)

18                          **ii.     Personal Liability**

19         Once again, the Court finds Plaintiff's FAC fails to state any plausible claim for

20  relief as to any of the named Defendants.  These Defendants are named in their supervisory

21  roles.  Plaintiff claims that they all have a "ministerial dutiful obligation to ensure that any

22  and all materials, recordings and data are secure and not accessible to any unauthorized

23  person or agency especially those parties protected under HIPPA[2]."  (Doc. 7 at 2.)

24

25

26  [1] Plaintiff's FAC consist of the same three pages of identical allegations against each of the
    individual defendants.  It appears he repeatedly photocopied these three pages and the only

27  change made in the following pages is to substitute the names of the individual defendants.
    [2] HIPPA is an acronym for the Health Insurance Portability and Accountability Act.  *See*

28  https://www.cdc.gov/phlp/publications/topic/hipaa.html (Last visited August 31, 2023).

1    Because "vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead

2    that each Government-official defendant, through the official's own individual actions, has

3    violated the Constitution."  *Iqbal*, 556 U.S. at 676; *Palmer v. Sanderson*, 9 F.3d 1433,

4    1437–38 (9th Cir. 1993) (noting there is no respondeat superior liability under 42 U.S.C.

5    § 1983).  Supervisory officials may only be held liable under § 1983 if the plaintiff alleges

6    their "personal involvement in the constitutional deprivation, or . . . a sufficient causal

7    connection between the supervisor's wrongful conduct and the constitutional violation."

8    *Keates v. Koile*, 883 F.3d 1228, 1242–43 (9th Cir. 2018); *Starr v. Baca,* 652 F.3d 1202,

9    1207 (9th Cir. 2011).  In other words, "a supervisor is liable for the acts of his subordinates

10   'if the supervisor participated in or directed the violations, or knew of the violations of

11   subordinates and failed to act to prevent them.'"  *Corales v. Bennett*, 567 F.3d 554, 570

12   (9th Cir. 2009) (citations omitted).

13       Plaintiff's allegations are far from clear, but he appears to hold Defendants liable in

14   their supervisory position for failing to take "corrective action" to prevent the purported

15   data breach from happening.  (Doc. 7 at 3.)  There are no allegations that any of these

16   Defendants were actually aware that a data breach could or would take place and failed to

17   stop this from happening.  Plaintiff's FAC "pleads no factual content that allows the court

18   to draw the reasonable inference that [Defendants] [are] liable for the misconduct alleged."

19   *Iqbal*, 556 U.S. at 678.  Plaintiff includes no specific factual allegations with respect to any

20   of the named Defendants, and he does not describe what any of them either did, or failed

21   to do, with respect to his housing, health, safety, or medical treatment.  *Id.* at 679

22   ("Determining whether a complaint states a plausible claim for relief [is] … a context-

23   specific task.").  Further, "HIPPA itself provides no private right of action."  *Seaton v.*

24   *Mayberg*, 610 F.3d 530, 533 (9th Cir. 2010) (quoting *Webb v. Smart Document Solutions,*

25   *LLC*, 499 F.3d 1078, 1081 (9th Cir. 2007)).

26       While Federal Rule of Civil Procedure 8 "does not require 'detailed factual

27   allegations,'" it "demands more than an unadorned, the-defendant-unlawfully-harmed-me

28   accusation."  *Iqbal*, 556 U.S. at 678 (citation omitted).  In order "[t]o survive a motion to

1   dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a

2   claim for relief that is plausible on its face.'" *Id.* (citations omitted).  As currently pleaded,

3   however, nothing in Plaintiff's FAC plausibly suggests Defendants "through [their] own

4   individual actions, . . . violated the Constitution."  *Iqbal*, 556 at 676; *see also Jones v.*

5   *Community Redevelopment Agency of City of Los Angeles*, 733 F.2d 646, 649 (9th Cir.

6   1984) (even pro se plaintiff must "allege with at least some degree of particularity overt

7   acts which defendants engaged in" in order to state a claim).

8          Therefore, Plaintiff's claims against all named Defendants must be dismissed *sua*

9   *sponte* for failing to state a claim upon which § 1983 relief can be granted pursuant to 28

10   U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1).  *See Watison* 668 F.3d at 1112; *Wilhelm,*

11   680 F.3d at 1121.

### iii.   Privacy claims

13          Plaintiff also claims that Defendants allowed a data breach to occur which

14   purportedly may have caused unauthorized access to his medical records and social

15   security number.  (*See* Doc. 7 at 3.)  However, Plaintiff lacks standing to bring such an

16   action because he has failed to allege facts to show that there is proof that his information

17   was disclosed.  *See e.g. Tinsley v. Cal. Health Care Servs.,* 2016 WL 5791675, at *2 (E.D.

18   Cal. Oct. 3, 2016) ("Here, plaintiff has not shown he has standing to sue because the

19   complaint demonstrates only that the theft of the state's laptop has the potential to injury

20   plaintiff.  Plaintiff alleges no actual misuse of his personal information stemming from the

21   theft."); *Fuller v. Cal. Health Care Servs*., 2017 WL 1408120, at * 3 (E.D. Cal. Apr. 20,

22   2017) ("Plaintiff cannot state a claim for relief based upon the speculative breach of his

23   sensitive information" and "[a]ny claim for violation of his constitutional right to

24   informational privacy should be dismissed without prejudice for lack of standing.").

### IV.   CONCLUSION

26        For the foregoing reasons, the Court **DISMISSES** Plaintiff's First Amended

27   Complaint *sua sponte* and in its entirety based on his failure to state a claim upon which

28   relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).  The

1  Court further finds that amendment would be futile. *See Gonzalez v. Planned Parenthood*,

2  759, F.3d 1112, 1116 (9th Cir. 2014) ("'Futility of amendment can, by itself, justify the

3  denial of . . . leave to amend.'") (quoting *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir.

4  1995)).

5       The Clerk of Court is directed to close the file.

6       **IT IS SO ORDERED**.

7  Dated:  September 1, 2023

8                                                   HON. RUTH BERMUDEZ MONTENEGRO

9                                                   UNITED STATES DISTRICT JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28